IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David A. Joseph, Sr., | : | |
| Plaintiff | : | Civil Action 2:12-cv-0803 |
| v. | : | Judge Graham |
| Licking County, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## INITIAL SCREENING
## REPORT AND RECOMMENDATION

Plaintiff David A. Joseph, Sr., an inmate at the Warren Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify

---

[1]The full text of §1915A reads:

>(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>(b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>>(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>>(2) seeks monetary relief from a defendant who is immune from such relief.

cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges claims arising out of Joseph's criminal prosecution and conviction, the investigation leading to the criminal charge, and his incarceration awaiting and following trial. Named as defendants are Licking County; Judge Thomas M. Marcelain, Licking County Common Pleas Court; Christopher Reamer, Prosecutor's Office; Kentheth Oswalt, Licking County Prosecutor; Melanie Angle, Newark Police Department; Steven J. Sarver, Newark Police Chief; Newark Police Department; City of Newark; Licking County Justice Center; Licking County Sheriff's Department; Licking-Muskingum Community Corrections Center; and Dr. Kahn, Moundbuilders Guidance Center.

Between February 2010 and the present, Judge Thomas Marcelain failed to give Joseph fair and impartial hearings, denied his *pro se* motions, without cause or investigation, and sentenced him to sentence that is contrary to law. Assistant

---

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

Prosecutor Christopher Reamer deprived Joseph of due process and interfered with his right to the assistance of counsel. Reamer engaged in a pattern of misconduct and malicious prosecution which denied him the right to fair hearings and resulted in his loss of liberty. Licking County Prosecutor Kenneth Oswalt covered up the misconduct of people under his supervision.

Between December 27, 2998 and March 15, 2010, Melanie Angle engaged in a pattern of misconduct that deprived Joseph of his constitutional rights to remain silent, to counsel, and to due process, depriving him of his liberty. Chief Steven J. Sarver, Newark Police Department covered up the misconduct of people under his supervision.

Between February and March 2010, employees of the Licking County Justice Center failed to recognize the signs and symptoms associated with over medication from a prescribed and nurse dispensed psychotropic medication, subjecting Joseph to cruel and unusual punishment. In March 2010, Joseph was interviewed for placement in the Licking County Community Corrections Center, but placement was denied due to his numerous psychiatric disabilities. As a result, a prison sentence became much more likely. The complaint pleads that denying Joseph placement in the Center violated the Americans with Disabilities Act.

In February 2010, Dr. Kahn placed Joseph on psychiatric medication that he had never taken before and ordered that the dosage be increased twice in one week without evaluating him or scheduling another appointment to evaluate him. Dr. Kahn also did not prescribe Cogentin to ease the side effects of the primary medication.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93127 S.Ct. 2197 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

**Discussion.**

Judicial immunity. A judge performing judicial duties is absolutely immune from

suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); C*ollyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Judges are immune from suit even if they act erroneously, corruptly or in excess of their jurisdiction. *Mireles*, 502 U.S. at 11; *Barnes*, 105 F.3d at 1115-16. Consequently, Judge Marcelain is immune from suit.    Prosecutor immunity. Defendants Christopher Reamer and Kenneth Oswalt are immune from suit because the complaint pleads that Reamer deprived Joseph of constitutional rights while acting in the role of prosecutor in court proceedings. *Kalina v. Fletcher*, 522 U.S. 118, 129-131 (1997).

Police investigation. Plaintiff's claims against defendants Melanie Angle and

4

Chief Steven J. Sarver fail to state a claim because a judgment for Joseph would necessarily undermine his criminal conviction. A civil rights action is not a substitute for habeas corpus. When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Heck v. Humphrey,* 512 U.S. 477, 787 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997). A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside. *Heck,* 512 U.S. at 487. Here a judgment for plaintiff would necessarily undermine his criminal convictions, and those convictions have not been set aside. Consequently, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

Medical care. The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. There is both an objective and a subjective component to a cruel and unusual punishment claim. *Scott v. Ambani,* 577 F.3d 642, 648 (6th Cir. 2009). The objective component requires a plaintiff to demonstrate that the medical need was "serious." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

5

necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.' [*Brennan v.*] *Farmer,* 511 U.S. [825], 834 [(1994)]; *Comstock* [*v. McCrary,* 273 F.3d 693], 834 [(6th Cir. 2001)."* Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Nonetheless, prison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment. Deliberate indifference may be established in cases where it can be shown that a defendant rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir.2002)(quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *see also Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998). A complaint states a claim when it alleges that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake,* 537 F.2d at 860; *Scott*

6

*v. Ambani,* 577 F.3d at 648.

Here the complaint alleges that employees of the Licking County Justice Center failed to recognize the signs and symptoms of over medication from a prescribed psychotropic medication. But no named defendant is alleged to have engaged in any actionable conduct. The Center itself is not an entity capable of being sued. Further, the complaint does not explain how the failure to recognize over medication amounted to cruel and unusual punishment.

The complaint alleges that Dr. Kahn prescribed an unidentified psychotropic medication in February 2010, instructing that the dosage be increased twice in one week. But again the complaint does not explain how the failure to recognize over medication amounted to cruel and unusual punishment. There is no precise science to prescribing psychoactive medication. Not seeing a patient for a week does not amount to cruel and unusual punishment. The complaint simply fails to allege that Dr. Kahn "unnecessarily and wantonly inflict[ed] pain" on Joseph by acting with "deliberate indifference" toward his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order. Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge