IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David A. Joseph, Sr., | : | |
| Plaintiff | : | Civil Action 2:12-cv-00803 |
| | : | |
| v. | : | Judge Graham |
| | : | |
| Licking County, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |
| | : | |

**ORDER**

Plaintiff David A Joseph, a state prisoner, brings this action alleging that defendants violated his constitutional rights during his criminal prosecution and conviction, the investigation leading to the criminal charge, and his incarceration awaiting and following trial. This matter is before the Court on plaintiff David A. Joseph's October 15, 2012 objections to Magistrate Judge Abel's October 1, 2012 Report and Recommendation that plaintiff's complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983.

Plaintiff's Objections. Plaintiff argues that although defendant Thomas Marcelain, judge of the Licking County Court of Common Pleas, has judicial immunity, he can still be sued for "injunctive relief, impeachment, or criminal prosecution." Plaintiff further argues that while defendants Christopher Reamer and Kenneth Oswalt of the Licking County prosecutor's office do have some degree of prosecutorial immunity, they engaged in conduct outside the courtroom in which they used their

1

positions to violate his constitutional rights. Plaintiff also maintains that a ruling in favor of his claims against defendants Sarver and Angle of the Newark Police Department would not undermine his conviction because other evidence, reports, and statements support the conviction. Plaintiff maintains that Sarver and Angle disregarded the laws that they were sworn to uphold.

Plaintiff also argues that the Magistrate Judge improperly concluded that he did not adequately state a claim for cruel and unusual punishment in violation of the Eighth Amendment. He maintains that Rule 8(a) of the Federal Rules of Civil Procedure requires only a short, plain statement of the claim and that, as a pro se litigant, he is entitled to having his complaint liberally construed.

Plaintiff further argues that the Magistrate Judge failed to make any recommendation concerning his claims against the Newark Police Department, Licking County, the City of Newark, the Licking-Muskingum Community Corrections Center, and Licking County Sheriff's Department.

Discussion. Plaintiff's objections are overruled in part. As stated by the Magistrate Judge, a judge performing judicial duties is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Judges are immune from suit even if they act erroneously, corruptly or in excess of their jurisdiction. *Mireles*, 502 U.S. at 11; *Barnes*, 105 F.3d at 1115-16. The complaint's

2

allegations as to Judge Marcelain are limited to actions he took in performing his judicial duties. Consequently, Judge Marcelain is immune from suit.

Defendants Christopher Reamer and Kenneth Oswalt are also immune from suit because the complaint pleads that they deprived Joseph of constitutional rights while acting in their prosecutorial roles in court proceedings. Despite plaintiff's assertion to the contrary, the allegations concerning Reamer and Oswalt do not reference any conduct by them outside that done while performing their prosecutorial roles. As such, they are immune from suit. *Kalina v. Fletcher*, 522 U.S. 118, 129-131 (1997).

Plaintiff's claims against Angle and Sarver also fail to state a claim. Plaintiff maintains that a judgment in his favor would not necessarily undermine his conviction because his conviction was supported by other evidence. However, the complaint alleges that Angle and Sarver engaged in misconduct that culminated in his criminal conviction, and the complaint requests that plaintiff's sentence be vacated. Plaintiff's sole remedy with respect to his claim against Angle and Sarver is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 787 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).

The Magistrate Judge properly concluded that plaintiff's claim that the failure of employees of the Licking County Justice Center to recognize the signs and symptoms of over medication is not actionable. The Center itself is not an entity capable of being sued. Further, the complaint does not explain how the failure to recognize over medication amounted to cruel and unusual punishment. Similarly, the complaint does

3

not explain how the failure of Dr. Kahn to recognize over medication amounted to cruel and unusual punishment. There is no precise science to prescribing psychoactive medication. Not seeing a patient for a week does not amount to cruel and unusual punishment. The complaint simply fails to allege that Dr. Kahn "unnecessarily and wantonly inflict[ed] pain" on Joseph by acting with "deliberate indifference" toward his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Plaintiff maintains that the Magistrate Judge failed to make any recommendation concerning his claims against the Newark Police Department, Licking County, the City of Newark, the Licking-Muskingum Community Corrections Center, and Licking County Sheriff's Department. The complaint alleges that the Newark Police Department failed to properly supervise Angle and Sarver, allowing them to violate plaintiff's constitutional rights. With respect to the City of Newark, the complaint alleges that it failed to oversee and regulate the operations of the police department. The complaint alleges that the Licking County Sheriff's Department failed to properly train and supervise its employees working in the jail concerning the signs and symptoms of over medication. The complaint asserts a claim against the Licking-Muskingum Community Corrections Center for violations of the Americans with Disabilities Act. The complaint further alleges that Licking County failed to oversee and regulate the operations of the prosecutor's office, the sheriff's department, the Licking County Justice Center, the Licking County Common Pleas Court as well as the contract agencies.

The Newark Police Department is not an entity capable of being sued and thus should be dismissed from the suit for failure to state a claim. *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002). Police departments are not independent government entities. They are only the vehicles through which municipalities fulfill their policing functions. *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987). Thus, police departments are not proper §1983 defendants as they are "merely sub-units of the municipalities they serve." *Jones*, 197 F. Supp. 2d at 1080.

Plaintiff has also failed to demonstrate that the City of Newark, as an employer, is liable for the actions of the officers. Under §1983, a municipality may only be held liable if the municipality itself caused the constitutional violation. *Hayner v. City of Washington Court House*, 2007 WL 38133, at * 1 (S.D. Ohio Sept. 27, 2007). A plaintiff may not rely on the doctrine of *respondent superior* to find a government entity liable under §1983 when the claim is founded solely on an allegation that its agent caused the injury. *Id.* (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978)). Rather, to hold an entity responsible under §1983, the plaintiff must establish that the government's *policy or custom* inflicted the violation. *Id.* (quoting *Monell*, 436 U.S. at 694). Plaintiff has not done so. For similar reasons, plaintiff's claim against Licking County also fails. The Licking County Sheriff's Department is not an entity capable of being sued. *Barrett v. Wallace*, 107 F. Supp. 2d 949, 954 -955 (S.D. Ohio, 2000)("Under Ohio case law, a county sheriff's office is not a legal entity that is capable of being sued.").

5

Plaintiff's objection is well taken as it relates to his claim under the Americans with Disabilities Act against the Licking-Muskingum Community Corrections Center. State inmates may bring a cause of action under the ADA against state correctional facilities. *U.S. v. Georgia*, 546 U.S. 151 (2006); *Mingus v. Butler*, 591 F.3d 474, 481-82 (6th Cir. 2010).

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **OVERRULES** plaintiff's October 15, 2012 objections in part and **ADOPTS** the Report and Recommendation. Plaintiff's ADA claim against Licking-Muskingum Community Corrections Center continues. The remaining defendants are **DISMISSED**.

James L. Graham
United States District Judge