IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David A. Joseph, Sr., | : | |
| Plaintiff | : | Case No. 2:12-cv-00803 |
| v. | : | Judge Graham |
| Licking County, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge on plaintiff David A. Joseph, Sr.'s January 7, 2014 motion for relief from judgment (doc. 33).

On December 18, 2013, the Court dismissed Licking-Muskingum Community Corrections Center ("LMCCC") without prejudice on the basis that it was not served with process as required by Rule 4 of the Federal Rules of Civil Procedure. *See* doc. 29.

In his motion for relief from judgment, plaintiff argues that he made further attempts to serve LMCCC by requesting that Licking County to disclose information relevant to obtaining service. According to plaintiff, Licking County failed to respond, and plaintiff filed a motion to compel on April 1, 2013. Plaintiff maintains that he should be relieved from judgment based on excusable neglect. He is incarcerated and has limited information and resources available to him. Plaintiff also argues that he never received a copy of LMCCC's motion to dismiss, nor was he aware that LMCCC's

1

counsel had filed a notice of appearance. Plaintiff maintains that his motions for leave to file an amended complaint were never ruled on by the Court.

In response, LMCCC maintains that nothing set forth in plaintiff's motion for relief alters the fact that it was never properly served in this matter. Plaintiff's motion to compel discovery from Licking County was denied by the Court because Licking County had been dismissed from the case and was no longer a party to this action. In response to plaintiff's claim that he never received a copy of LMCCC's motion to dismiss, LMCCC's counsel maintains that he served plaintiff at the address plaintiff placed on file with the Court. The mail was never returned as undeliverable. It is plaintiff's responsibility to provide the Court with his updated mailing address.

If a defendant does not waive service and the summons and complaint is not served upon a defendant within 120 days after the filing of the complaint, the court should dismiss the action, without prejudice, as to that defendant. Fed. R. Civ. P. 4(m). Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect. . . .

Fed. R. Civ. P. 60(b). Here, plaintiff has not shown excusable neglect for failing to serve LMCCC within 120 days. When a party fails to perform an act by the date established by the court, it must demonstrate "excusable neglect" for missing the deadline. Rule

6(b), Fed. R. Civ. P.  Courts balance five factors when determining whether a party has demonstrated excusable neglect:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott International, Inc.*, 467 F.2d 514, 522 (6th Cir. 2006). This case was filed on September 4, 2012. More than eighteen months have elapsed, and LMCCC still has not been served. Plaintiff's attempts to obtain discovery from Licking County in order to obtain information regarding LMCCC were well outside the 120 days in which plaintiff had to effect service. At no point did plaintiff seek to extend the deadline for serving LMCCC. As a result, plaintiff has not demonstrated excusable neglect for his failure to serve LMCC.

For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff David A. Joseph, Sr.'s January 7, 2014 motion for relief from judgment (doc. 33) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

                s/Mark R. Abel
                United States Magistrate Judge